UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AARON JUSTIN HARLOW,

    Plaintiff,

    v.    CAUSE NO. 3:24-CV-956-HAB-SLC

DANI HAMLYN, et al.,

    Defendants.

OPINION AND ORDER

Aaron Justin Harlow, a prisoner without a lawyer, filed an amended motion for a preliminary injunction. (ECF 8.) Harlow is proceeding on a claim against a doctor at Miami Correctional Facility ("MCF") for providing constitutionally inadequate care for his long-time opioid addiction in violation of the Eighth Amendment. (ECF 6.) The clerk is in the process of effecting service over the defendant. (ECF 7.) On December 6, 2024, the court denied Harlow's motion for a preliminary injunction filed with his complaint, concluding that he did not establish a likelihood of success in proving that medical staff were currently exhibiting deliberate indifference to his serious medical needs, or that he would be irreparably injured if injunctive relief was not granted before the case was resolved. (ECF 6.) He now returns with a renewed request for a preliminary injunction. (ECF 8.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A

plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no

further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional setting).

Harlow's request for a preliminary injunction relates to his medical care. Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prove a violation of this right, a prisoner must show (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Deliberate indifference represents a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to prove an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must prove "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The court must "defer to medical professionals'

3

treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotation marks omitted). In effect, the Eighth Amendment protects prisoners from "grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019).

As with his original motion, Harlow states that he is due to be released from prison on January 9, 2025, and is worried about relapsing into illegal opioid use. (ECF 8.) He asks the court to order medical staff at the prison to immediately give him one of two medications that he believes will be most effective in helping him avoid a relapse.[1] (*Id.*)

Harlow has not established an entitlement to the extraordinary remedy of a preliminary injunction. As a preliminary matter, he has not submitted any documentation showing that he is due to be released from prison in early January 2025, and public records reflect that he is currently serving a 50-year sentence for burglary and habitual offender adjudication imposed in 2014.[2] *See State v. Harlow,* No. 29D02-1401-FB-000404 (Hamilton Sup. Ct. closed Feb. 27, 2024). The public docket in his criminal case reflects that his sentence was modified in 2023 and he was released to Hamilton County Community Corrections ("HCCC"), but in February 2024, a notice was filed that he was not complying with the terms of his placement. *Id.* (docket entry

---

[1] The court understood him to be claiming in his original motion that these medications were not allowed at the prison, but he clarifies in his amended motion that these medications are prescribed by doctors at the prison in appropriate cases. (ECF 8 at 3.)

[2] The court is permitted to take judicial notice of public records. *See* FED. R. EVID. 201.

4

Feb. 6, 2024). Later that same month, the court modified his sentence again to require that he serve "[t]he entirety of the balance of [his] sentence" at the Indiana Department of Correction "with no time being served on a direct placement in HCCC." (*Id.* (docket entry Feb. 27, 2024).) The court further provided that "[o]n or after 2/22/26, Defendant may petition the court for a sentence modification to return to HCCC." *Id*. The court admonished that "for such a petition to be granted, Defendant's DOC conduct record must, at a minimum, have no write-ups related to substance abuse." *Id.* In October 2024—prior to the date set by the state court—Harlow filed a motion to modify his sentence, and a hearing on that motion has been scheduled for January 9, 2025. *Id.* (docket entry Oct. 25, 2024). Based on these records, it appears that Harlow's concern about an imminent release into the community may be premature.[3]

Furthermore, he has not demonstrated a likelihood of success in proving that medical staff at MCF are exhibiting deliberate indifference to his medical needs. The complaint and his present filing reflect that upon his return to the IDOC in February 2024, he was participating in a program for prisoners with long-time drug addiction and was receiving suboxone under the supervision of a prison doctor. However, this medication was "discontinued due to diversion," and because he "tested positive [for] several substances." (ECF 8-1 at 2.) Harlow himself acknowledges that "suboxone is a trigger for me to use." (*Id.* at 3.) He now would like some other medication, but the

---

[3] It is unclear from the present record whether he has any conduct reports related to substance abuse, but he acknowledges in his complaint and other filings that he was terminated from a prison program earlier this year due to allegations that he was diverting his medication and tested positive for unauthorized substances. (*See* ECF 1; ECF 3, ECF 8.)

5

Eighth Amendment does not entitle him to be provided with the treatment of his choice. *Walker*, 940 F.3d at 965.

Additionally, he submits documentation reflecting that a medical staff member at MCF told him to submit a written request if he wanted to be prescribed one of the medications he mentions in his motion. (ECF 8-1 at 2.) He made a written request for this medication on December 3 and again on December 6. (*Id.* at 4-5.) Before any action could be taken, he filed his renewed motion for a preliminary injunction on December 8. (ECF 8 at 6.) Although he clearly wants prison staff to act on an emergency basis, he has not shown that being required to wait a few days or even weeks for this medication amounts to deliberate indifference under the circumstances. Given the limitations on granting injunctive relief in the prison setting and the deference that must be afforded to prison medical providers, he has not established an entitlement to a preliminary injunction.[4]

For these reasons, the plaintiff's motion (ECF 8) is DENIED.

SO ORDERED on January 6, 2025.

                                                      s/Holly A. Brady
                                                      CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT

---

[4] To the extent he is trying to add claims or amend the allegations in his original complaint, he must file an amended complaint that is a complete document. N.D. IND. L.R. 15-1. If he wishes to amend, he should obtain another blank prisoner complaint form (**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint**) from his prison's law library, place this case number on it, and complete all sections of the form.