UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AARON JUSTIN HARLOW,

    Plaintiff,

    v.                                              CAUSE NO. 3:24-CV-956-HAB-ALT

DANIELLE HAMLIN,

    Defendant.

OPINION AND ORDER

Aaron Justin Harlow, a prisoner without a lawyer, is proceeding in this case against Dr. Danielle Hamlin "in her personal capacity for money damages for deliberate indifference to his serious medical needs in violation of the Eighth Amendment[.]" ECF 6 at 11. Specifically, Harlow alleged in his complaint that Dr. Hamlin violated his Eighth Amendment rights by weaning him off suboxone and other medications in June 2024. *Id.* at 2. Dr. Hamlin filed a motion for summary judgment, arguing Harlow did not exhaust his administrative remedies before filing this lawsuit. ECF 26. Harlow filed a response. ECF 31. Dr. Hamlin has not filed a reply, and the time for doing so has expired. The court will now rule on Dr. Hamlin's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus,

2

when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Dr. Hamlin argues Harlow did not exhaust his administrative remedies before filing this lawsuit because he did not fully exhaust any relevant grievance. ECF 27 at 4-5. She provides Harlow's grievance records and an affidavit from the prison's Grievance Specialist, which show the following facts: On June 27, 2024, Harlow submitted a grievance complaining he was being improperly weaned off suboxone. ECF 29-1 at 3, 12. The grievance office returned this grievance to Harlow as "Unprocessed" with an explanation that the Grievance Specialist was "waiting on staff response." *Id.* at 3, 11. Over the next several months, Harlow continued to submit grievances complaining he was being improperly weaned off his medications, but the Grievance Specialist returned each of these grievances to Harlow as "Unprocessed" with the explanation that he was "waiting on staff response." *Id.* at 13-18, 22-23.

Here, the undisputed facts show the grievance office made Harlow's administrative remedies unavailable by improperly returning his grievances as "Unprocessed" simply because the grievance office was "waiting on staff response." Specifically, the Offender Grievance Process provides that "[t]he Offender Grievance

3

Specialist may reject the grievance form and return it to the offender unfiled if" any of the following requirements are not met:

1. Each part of the form shall be completed;
2. It shall be written legibly;
3. It shall avoid the use of legal terminology;
4. It shall raise the same issue that the offender raised in trying to get the informal resolution and document the attempts at informal resolution;
5. It shall relate to only one event or issue;
6. It shall be signed, dated, and submitted by an offender on his or her own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical, language, or other problem;
7. It shall explain how the situation or incident affects the offender; and,
8. The offender shall suggest appropriate relief or remedy.

*See* Offender Grievance Process, https://www.in.gov/idoc/files/policy-and-procedure/policies/00-02-301-Offender-Grievance-Process-9-1-2020.pdf, at 9-10 (last visited December 1, 2025).[1] The Offender Grievance Process further provides that, in the event the grievance office requires more time to respond to a grievance, the grievance office may request a time limit extension and notify the inmate of the number of days of the extension. *Id.* at 12. There is no basis in the Offender Grievance Process to return a grievance as unprocessed merely because the grievance office is waiting on a staff response. Thus, by improperly returning Harlow's properly submitted grievances as unprocessed, the grievance office left him without any further available remedy to exhaust. *See Dole*, 438 F.3d at 809 ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance").

---

[1] Dr. Hamlin does not provide a copy of the Offender Grievance Process with her summary judgment motion.

4

Dr. Hamlin argues Harlow still had an available remedy because he could have appealed the grievance office's response to his grievances. ECF 27 at 4-5. But the Offender Grievance Process only provides a mechanism to appeal a grievance where (1) the grievance is denied on its merits or (2) the inmate receives "no grievance response." *See* Offender Grievance Process at 12-13. It does not provide any mechanism to appeal a grievance where the inmate receives a response returning the grievance as unprocessed. Additionally, Harlow argues in his response that he repeatedly requested appeal forms from the Grievance Specialist but never received the proper form, and Dr. Hamlin does not reply to this argument or provide any evidence disputing this assertion. Therefore, Dr. Hamlin has not met her burden to show Harlow had an appeal remedy available to him for any of his relevant grievances.

Accordingly, because the undisputed facts show the grievance office made Harlow's administrative remedies unavailable by improperly returning his grievances as unprocessed, Dr. Hamlin has not met her burden to show Harlow had available administrative remedies he did not exhaust before filing this lawsuit. For these reasons, Dr. Hamlin's motion for summary judgment (ECF 26) is DENIED.

SO ORDERED on December 11th, 2025.

   s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT